**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-00767-RM-STV

MAKEEN INVESTMENT GROUP, LLC,
a Colorado limited liability company; and
AKEEM MAKEEN, individually and in his official capacity as member,

    Plaintiffs,

v.

WOODSTREAM FALLS CONDOMINIUM ASSOCATION, INC.,
a Colorado non-profit corporation,

    Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiffs' "Reconsideration of the Court's Order of Dismissal and Re-Open the Case [ECF. 9]" (ECF No. 11), requesting this Court to "re-open" the case based on excusable neglect. "The Federal Rules of Civil Procedure recognize no motion for reconsideration." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted). Nonetheless, "the court retains the power to alter rulings *until* final judgment is entered on a cause." *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (emphasis added) (citing Fed. R. Civ. P. 54(b)). In this case, final judgment has entered; therefore, reconsideration may not be had. Moreover, even if the request for reconsideration is proper (or is construed as a motion under Fed. R. Civ. P. 59(e)), excusable neglect is not the standard. *See Devon Energy Prod. Co., L.P. v. Mosaic Potash*

*Carlsbad, Inc.,* 693 F.3d 1195, 1212 (10th Cir. 2012) (setting forth grounds which may warrant reconsideration).[1] Accordingly, it is

**ORDERED** that Plaintiffs' "Reconsideration of the Court's Order of Dismissal and Re-Open the Case [ECF.9]" (ECF No. 11) is **DENIED**.

DATED this 9th day of April, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] To the extent Plaintiffs may be relying on Fed. R. Civ. P. 60(b)(1) (which they did not cite), which provides for relief from a judgment based on excusable neglect, the Court finds such neglect which would support relief has not been shown. Plaintiffs' representation that "[t]he response in this case had been cut off at the bottom so it was not complete" is not supported by the signed signature blocks which appear right after the arguments in their Response. Moreover, counsel was well aware of alleged issues with her email and internet "for a few months" (ECF No. 11, page 1). *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).").